IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ED RUSSELL d/b/a ALLEY ROADS MUSIC BMI, | ) ) ) |
| PLAINTIFF, | ) No. 3:14-01555 |
| | ) Judge Trauger/Brown |
| v. | ) ) |
| JAMES A. RICHARDSON, JR., JOE MITCHELL d/b/a BAY RIDGE PUBLISHING COMPANY BMI AND MISSILE RECORDS, | ) ) ) ) ) |
| DEFENDANTS. | ) |

To: The Honorable Judge Aleta A. Trauger, United States District Judge

### REPORT AND RECOMMENDATION

Pending before the Court are two Motions for Summary Judgment that Plaintiff has filed (Docket Entry 10 and 67); three Motions to Dismiss that Defendant Richardson has filed (Docket Entry 15; 18; and 24); and Defendant Mitchell's Motion to both "Amend Defendant's Answer and Ask for a Full Dismissal with Full Prejudice" and "Exercise my Rights to Countersue Plaintiff." (Docket Entry 46). For the reasons stated below, the Magistrate Judge **RECOMMENDS** that these Motions be **DENIED** without prejudice for failure to comply with the Federal Rules of Civil Procedure (FED. R. CIV. P.), the Local Rules (LR), and Court Orders.

I. Background and Analysis

Plaintiff, proceeding *pro se* and *in forma pauperis* filed his complaint on July 29, 2014, alleging copyright and fraud claims related to the song, "Butterfly Feeling." (Docket Entry 1). By Order dated August 08, 2014, the District Judge referred this action to the Magistrate Judge. (Docket Entry 4). Plaintiff filed his first Motion on August 26, 2014, seeking summary judgment

"invalidating [D]efendant's copyright and barring his infringement claims due to [c]opyright misuse and unclean hands . . . ." (Docket Entry 10, p. 10). Plaintiff filed his second Motion for Summary Judgment on January 22, 2015. (Docket Entry 67). In the interim, Defendant Richardson filed three Motions to Dismiss on September 02, September 09, and September 26, 2014. (Docket Entry 15; 18; and 24). Defendant Mitchell filed a "Motion to Amend Defendant's Answer and Ask for a Full Dismissal with Full Prejudice" and "Motion to Exercise my Rights to Countersue Plaintiff" on December 16, 2014. (Docket Entry 46).

Even liberally construing these Motions, the Magistrate Judge finds that they suffer from several defects. The Magistrate Judge is not unsympathetic to the difficulty facing a *pro se* party. Nonetheless, the Court cannot rule on a deficient Motion. Moreover, Defendant Richardson now has an attorney representing him. (Docket Entry 41-44).

## II.    Legal Standard

LR 56.01 provides that motions for summary judgment:

> [S]hall be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by specific citation to the record. After each paragraph, the word "response" shall be inserted and a blank space shall be provided reasonably calculated to enable the non-moving party to respond to the assertion that the fact is undisputed.

LR 56.01(b). Moreover, while the Court will not generally consider unsworn filings in a motion for summary judgment, there is "a statutory exception . . . which permits an unsworn declaration to substitute for a conventional affidavit . . . ." *Pollock v. Pollock,* 154 F.3d 601, 611 n.20 (6th Cir. 1998)(citing 28 U.S.C. § 1746; *see also Williams v. Browman,* 981 F.2d 901, 904 (6th Cir.1992)). Of course, this requires a signature, a date, and the words, "I declare . . . under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746.

## III. Analysis

### A. Plaintiff's Motions

In Plaintiff's first Motion for Summary Judgment, he fails to comply with LR 56.01(b) and fails to submit appropriate evidence. Plaintiff fails to provide a set of facts separate from the Motion, fails to insert "response" after each paragraph, and fails to even leave a blank space for a response. Moreover, while Plaintiff lists "Fact: NO. 1" through "Fact: NO. 6" and exhibits, the paragraphs are often conclusory and the exhibits would be mostly inadmissible. For example, Plaintiff concludes that Defendant Richardson "committed perjury" when completing requests for admissions related to litigation in Massachusetts. (Docket Entry 10, p. 6). Plaintiff also asserts that Johnny Spears wrote the song at issue in 1996 and cites a photocopy of lyrics as well as an almost illegible photocopy of a cassette tape with an arrow pointing to "1987." (Docket Entry 10, p. 3; 10-1, pp. 6-7). Yet, Plaintiff submits no sworn document and no declaration in compliance with 28 U.S.C. § 1746. Also, the certificate of service is undated and it is not clear whether the Motion was served. (Docket Entry 10, p. 11).

In Plaintiff's second Motion for Summary Judgment, he again fails to comply with LR 56.01(b) and fails to submit or reference *any* evidence. Although Plaintiff has filed a statement of facts separately from the Motion (Docket Entry 68), Plaintiff fails to articulate the claim on which he seeks summary judgment, leaving it impossible to determine whether the facts set out are material, meaning that they "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To the extent that Plaintiff would argue that he submitted his facts and evidence in the first Motion for Summary Judgment, this is not helpful because that Motion suffers from the defects discussed above. Moreover, the Magistrate Judge has specifically instructed the parties to comply with the Rules.

To that end, FED. R. CIV. P. 56(e) provides that when "a party fails to properly support an assertion of fact . . . , the court may [inter alia] . . . give an opportunity to properly support or address the fact . . . ." FED. R. CIV. P. 56(e). However, the Magistrate Judge made it clear to the parties that their filings are not a model of clarity, directed the Clerk to send them a copy of the Local Rules, and stated that he would "very likely recommend all motions to dismiss or motions for summary judgment be denied" for failure to comply with the Rules. (Docket Entry 31, p. 2). Yet, although Plaintiff corrected a typo in his Motion for Summary Judgment in September (DE 16), and submitted multiple filings, he has never submitted proper supporting evidence or otherwise corrected the defects. Therefore, the Motions for Summary Judgment should be denied.

### B. Defendant Richardson's Motions

In each of Defendant Richardson's Motions, he includes matters that are inappropriate in a Motion to Dismiss because they are outside of the pleadings, namely the complaint and the attachments thereto. Pleadings include complaints, answers, and court ordered replies. FED. R. CIV. P. 7(a). As the Magistrate Judge explained on December 19, 2014, when a Defendant moves to dismiss a case based on factual matters outside the pleadings, he needs to file a motion for summary judgment under FED. R. CIV. P. 56 and Local Rule (LR) 56.01. (Docket Entry 49). Nothing precludes Defendant Richardson from filing an appropriate motion for summary judgment. However, he must comply with the Rules. In light of the fact that none of his Motions comply with LR 56.01, the Magistrate Judge declines to consider these Motions under FED. R. CIV. P. 56 and recommends that the Motions be denied for failure to comply with Federal and Local Rules.

### C. Defendant Mitchell's Motion

In Defendant Mitchell's Motion, he also includes matters outside of the pleadings, which the Magistrate Judge addressed in his December 19, 2014 Order. (Docket Entry 49). Therein, the Magistrate Judge gave Defendant Mitchell 28 days in which to file a proper motion for summary judgment. (Docket Entry 49, p. 1). To date, Defendant Mitchell has failed to do so.

To the extent that this Motion is also a Motion to Amend Defendant Mitchell's Answer, the Magistrate Judge already denied the Motion and explained that Defendant Mitchell needed to file a separate motion to amend. (Docket Entry 49, p. 2 and 60, pp. 1-2). Defendant Mitchell did file a Motion to Amend his Answer on the last day of the 28 day deadline for filing an appropriate motion for summary judgment.

To the extent that this is also a "Motion to Exercise my Rights to Countersue Plaintiff," this should also be denied for failure to comply with the Rules whereby a counterclaim is raised in a pleading such as Defendant's Answer under FED. R. CIV. P. 13. In light of this and the fact that Defendant Mitchell has not filed a motion for summary judgment, this Motion should be denied for failure to comply with the Rules and the Court Order.

The parties are reminded that a telephone conference is set for Wednesday, January 28, 2015 at 2:00 CST. To participate, the parties are directed to **dial 877-873-8017 and enter Code 1958322# at the scheduled time.**

### IV. Recommendation

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that Plaintiff's Motions for Summary Judgment (Docket Entry 10 and 67); Defendant Richardson's Motions to Dismiss (Docket Entry 15; 18; and 24); and Defendant Mitchell's Motion to both "Amend Defendant's Answer and Ask for a Full Dismissal with Full Prejudice" and "Exercise my Rights

to Countersue Plaintiff" (Docket Entry 46) be **DENIED** without prejudice for failure to comply with the Rules and Court Orders.

Under Fed. R. Civ. P. 72(b), the parties have fourteen (14) days, after being served with a copy of this Report and Recommendation (R&R) to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 *reh'g denied*, 474 U.S 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 26th day of January, 2015

/s/Joe. B. Brown_____
Joe B. Brown
United States Magistrate Judge