UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ED RUSSELL d/b/a ALLEY ROADS MUSIC BMI, | ) ) ) | |
| Plaintiff, | ) ) | No. 3:14-cv-1555 Judge Trauger |
| v. | ) ) | Magistrate Judge Brown **Jury Demand** |
| JAMES A. RICHARDSON, JR., JOE MITCHELL d/b/a BAY RIDGE PUBLISHING COMPANY BMI AND MISSILE RECORDS, | ) ) ) ) ) | |
| Defendants. | ) | |

To: The Honorable Aleta A. Trauger, United States District Judge

## REPORT AND RECOMMENDATION

Pending before the Court are Defendant Richardson's motion to dismiss this suit pursuant to 28 U.S.C. § 1915(e)(2)(A) (Docket Entry 131), Defendant Richardson's motion for relief from an earlier order denying his request for sanctions (Docket Entry 135), and the Plaintiff's motion to correct his application for leave to proceed *in forma pauperis* (Docket Entry 144).

For the following reasons, the Magistrate Judge **RECOMMENDS** that the motion to dismiss this suit (Docket Entry 131) be **DENIED**; that the motion for relief from the order denying sanctions (Docket Entry 135) be **DENIED**; that the Plaintiff's motion to correct his application for leave to proceed *in forma pauperis* (Docket Entry 144) be **GRANTED** insofar as the application may be amended but be **DENIED** insofar as the Plaintiff seeks to proceed *in forma pauperis*; and that the Plaintiff be **DIRECTED** to pay the $400.00 filing fee and $16.00 for service of process.[1]

---
[1] *See* Docket Entries 9 and 11.

1

## I. STATEMENT OF THE CASE

The Plaintiff is proceeding *pro se* and *in forma pauperis* in this copyright infringement dispute. (Docket Entries 1 and 4). In support of his claims, the Plaintiff filed a favorable affidavit ("First Affidavit") signed by Mr. Johnny Edward Spears ("Mr. Spears"). (Docket Entry 1-1, pp. 1-4). To complicate matters, Mr. Spears later signed another affidavit ("Second Affidavit") which was favorable to Defendant Richardson and contradicted his First Affidavit. (Docket Entry 95-1). Alleging that the Plaintiff obtained the First Affidavit through coercion and acted in bad faith by filing the First Affidavit in this action, Defendant Richardson moved for sanctions pursuant to the Court's inherent power. (Docket Entry 95). The Magistrate Judge denied the motion as premature. (Docket Entry 117).

Upon learning that the Plaintiff's application to proceed *in forma pauperis* did not accurately reflect the Plaintiff's financial status, Defendant Richardson recently moved to dismiss the case with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A) (Docket Entry 131) and requested that his earlier motion for sanctions be revisited on this basis (Docket Entry 135). The Plaintiff then moved to correct his application to proceed *in forma pauperis*. (Docket Entry 144). These motions are fully briefed and are ready for a resolution.

## II. LEGAL CONCLUSIONS

### A. Eligibility to Proceed *In Forma Pauperis*

Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit" listing the applicant's assets and demonstrating the applicant's inability to pay the requisite fees. Though the statute refers to prisoner litigants, courts have construed this section to apply beyond the

prison litigation context. *Glover v. Colvin*, No. CIV.A. 2014-216 WOB, 2015 WL 417988, at *1 n.1 (E.D. Ky. Jan. 30, 2015) (citations omitted). The United States Supreme Court has explained that "an affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs * * * and still be able to provide' himself and dependents 'with the necessities of life.'" *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (asterisks in original); *see also Bibbins v. Comcast Cablevision of the S., Inc.*, 43 F. App'x 910 (6th Cir. 2002); *Smith v. Comm'r of Soc. Sec.*, 202 F.3d 270 (6th Cir. 1999).

If the applicant made a false allegation of poverty, "the court shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A). Alternatively, an improper *in forma pauperis* status may be revoked, and the filing fee and any appropriate sanctions may be imposed. *See Galka v. Cooper*, No. CIV.A. 11-13089, 2013 WL 1499576, at *4-6 (E.D. Mich. Apr. 10, 2013) (revoking *in forma pauperis* status and assessing filing fee and sanctions for fraudulent misrepresentations in an application to proceed *in forma pauperis*); *Davis v. Geren*, No. 1:06-CV-1469-WTL-TAB, 2009 WL 362877, at *4 (S.D. Ind. Feb. 11, 2009) (vacating *in forma pauperis* status and assessing filing fee while explaining that an incomplete application to proceed *in forma pauperis*, as opposed to an application containing false information, does not necessarily require dismissal).

## B. Relief from a Judgment, Order, or Proceeding

A party may seek relief from a final judgment, order, or proceeding by timely motion for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

### III. ANALYSIS

Presently, the Court is faced with two related issues: (1) whether the suit should be dismissed on account of the Plaintiff's inaccurate application to proceed *in forma pauperis* and (2) whether the Plaintiff's omissions from the original *in forma pauperis* application merits revisiting an order denying Defendant Richardson's motion for sanctions.

**A. The Plaintiff's *In Forma Pauperis* Status**

When the Plaintiff initiated this lawsuit on July 29, 2014, he applied for leave to proceed *in forma pauperis*. (Docket Entry 2). Significantly, the Plaintiff omitted his spouse's income and assets from the application. (Docket Entry 2). The application submitted reflected a monthly income of $1,818.00, monthly expenses of $2,036.00, a home valued at $140,000.00, and a vehicle valued at $7,000.00. (Docket Entry 2). The Court approved the Plaintiff's request to proceed *in forma pauperis*. (Docket Entry 4).

Through discovery, Defendant Richardson obtained copies of the Plaintiff's 2013 and 2014 federal tax returns. (Docket Entry 132-3). These returns were filed jointly with his wife. The 2013 federal tax return showed a total adjustable income of $58,591.00, and the 2014 federal tax return showed a total adjustable income of $58,157.00. (Docket Entry 132-3). Observing that the Plaintiff's tax returns reported a significantly greater income than the Plaintiff's application to proceed *in forma pauperis*, Defendant Richardson filed a motion to dismiss this suit with

4

prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A). (Docket Entry 131). The matter was discussed during a telephone conference with the Magistrate Judge on May 12, 2016. (Docket Entry 141). The Plaintiff was given additional time to explain the omissions in his application to proceed *in forma pauperis*. (Docket Entry 141).

On May 20, 2016, the Plaintiff moved for leave to correct his application to proceed *in forma pauperis*, stating that he was not aware that he was required to report his spouse's income on the application. (Docket Entry 144). The Plaintiff explained that his wife's income is not placed into a joint account, but rather is used to support another family member and to supplement the Plaintiff's income when needed. (Docket Entry 144). In this document, the Plaintiff listed his monthly income as $1,513.00 and his monthly expenses as $2,296.13. (Docket Entry 144, p. 2). He additionally stated that his wife has a mortgage on a second home. (Docket Entry 144, p. 2). Defendant Richardson responded, arguing that the Plaintiff and his wife receive an income that is well-above the poverty guidelines and that the Plaintiff had sufficient assets to pay the filing fee. (Docket Entry 147). The Plaintiff replied, stating he was not previously aware of the poverty guidelines and agreeing to pay the filing fee if so ordered by the Court. (Docket Entry 150).

From the Plaintiff's submissions, it is apparent that the Plaintiff's original application to proceed *in forma pauperis* (Docket Entry 2) is woefully incomplete. Defendant Richardson rightly points out that the Plaintiff's omission of his wife's income and other assets precluded the Court from properly determining whether the Plaintiff could provide himself and his dependents with the necessities of life if required to pay the filing fee in this case. Had the Plaintiff included his wife's income and assets in his original application, the Court very likely would have denied the application. The poverty guidelines submitted by Defendant Richardson suggest this result.

5

(Docket Entries 147-2 and 148). Pursuant to the United States Census Bureau, the weighted average poverty threshold for a family of two adults in 2014 was $15,379 annually. (Docket Entry 148). The 2014 poverty guidelines for the United States Department of Health and Human Services indicate that a family of two adults earning less than $15,730 annually was within the federal poverty level. (Docket Entry 147-2). In 2013 and 2014, the Plaintiff and his wife earned a total adjustable income exceeding $58,000.000, which significantly exceeded these federal poverty guidelines.

As to whether the Plaintiff's omission was a deliberate attempt to defraud the Court – that is where the undersigned departs ways with Defendant Richardson. The Plaintiff has explained that this error was inadvertent and arose out of a fundamental misunderstanding of the application requirements. After considering the Plaintiff's submissions, the undersigned does not find that the original application was submitted in bad faith and does not recommend dismissal of the action on this basis.

While the Plaintiff should be **GRANTED** leave to amend his application to proceed *in forma pauperis* (Docket Entry 144), the application should nevertheless be **DENIED** based on the Plaintiff's household income, the Plaintiff should be **DIRECTED** to pay the $400.00 filing fee and a $16.00 fee for service of process, and Defendant Richardson's motion to dismiss the suit pursuant to 28 U.S.C. § 1915(e)(2)(A) (Docket Entry 131) should be **DENIED**.

### B. Motion for Sanctions

On June 24, 2015, Defendant Richardson moved for sanctions pursuant to the Court's inherent power, alleging that the Plaintiff committed fraud upon the Court when he "coerced" Mr. Spears into signing the First Affidavit and submitted the First Affidavit in support of his complaint. (Docket Entry 95, p. 1). Defendant Richardson submitted Mr. Spears' Second

Affidavit in support his motion for sanctions. (Docket Entry 95-1). Finding that the subject of the competing affidavits was in dispute, the Magistrate Judge denied the motion for sanctions as premature on February 5, 2016. (Docket Entry 117, pp. 3-4).

On April 20, 2016, Defendant Richardson moved for relief from the Court's order denying sanctions and renewed his original request for sanctions. (Docket Entry 135). This motion, however, was based on the facts asserted in Defendant Richardson's motion to dismiss the suit under 28 U.S.C. § 1915(e)(2)(A), not based on Mr. Spears' contradictory affidavits. (Docket Entry 135-1). Defendant Richardson contends that, had the Court been aware of the incorrect application to proceed *in forma pauperis* at the time the Court originally denied the motion for sanctions, the Court would have reached a different result. (Docket Entry 135-1). As Defendant Richardson sees it, "the Plaintiff obtained a denial of Defendant Richardson Jr.'s Motion for Sanctions based in part on the fraud he concealed from the Court; and . . . the filing of this case by way of fraudulent use of public funds satisfies 'exceptional or extraordinary circumstances' under FRCP Rule 60(b)(6) and warrants relief." (Docket Entry 135-1).

As was explained above, the undersigned does not find that the Plaintiff's original application to proceed *in forma pauperis* was submitted in bad faith or in an attempt to defraud the Court. Regardless, the validity of the Plaintiff's application to proceed *in forma pauperis* has no bearing on the merit of Defendant Richardson's motion for sanctions. The motion for sanctions concerned the contradictory affidavits that the parties have obtained from Mr. Spears. Had the application to proceed *in forma pauperis* been discussed in the earlier motion for sanctions, it may be appropriate to review the order pursuant to Rule 60(b). However, the current challenge to the Plaintiff's financial status has no real connection to the previous motion for

sanctions. For this reason, Defendant Richardson's request for relief pursuant to Rule 60(b) (Docket Entry 135) should be **DENIED**.

## IV.     RECOMMENDATION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the motion to dismiss this suit (Docket Entry 131) be **DENIED**; that the motion for relief from the order denying sanctions (Docket Entry 135) be **DENIED**; and that the Plaintiff's motion to correct his application for leave to proceed *in forma pauperis* (Docket Entry 144) be **GRANTED** insofar as the application may be amended but be **DENIED** insofar as the Plaintiff seeks to proceed *in forma pauperis*. Should this Report and Recommendation be adopted, the Magistrate Judge **RECOMMENDS** that the Plaintiff be **DIRECTED** to pay the $400.00 filing fee and $16.00 for service of process or face dismissal of his suit.

Under Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen days, after being served with a copy of this Report and Recommendation to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this Report and Recommendation within fourteen days after being served with a copy thereof. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**ENTERED** this 8th day of June, 2016.

s/ Joe B. Brown  
Joe B. Brown  
U.S. Magistrate Judge